# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JENEAN ELIZABETH WINSTON; and ROBERT E. HERNDON, *Temporary Administrator of the Estate of Dylan Mark Walsh;*<br><br>    *Plaintiffs*,<br><br>  v.<br><br>MARK ANTHONY WALSH,<br><br>    *Defendant.* | CIVIL ACTION NO.<br>5:19-cv-00070-TES |

## ORDER GRANTING MOTION TO AMEND COMPLAINT IN PART

In the instant action, Plaintiffs Jenean Elizabeth Winston and Robert E. Herndon, the mother and estate administrator, respectively, of the decedent Dylan Mark Walsh, seek damages against Defendant Mark Anthony Walsh, Dylan's father, for negligence and wrongful death under Georgia law. In their original complaint, Plaintiffs seemingly admitted that the statute of limitations ran in 2017, two years before they brought this action. Seizing on this legal conclusion, Walsh moved to dismiss Plaintiffs' original complaint as time-barred and for insufficient service of process. After the parties completed briefing on the Motion to Dismiss but before the Court could issue an order, Plaintiffs moved to amend their complaint. For the reasons that follow, Plaintiffs' Motion to Amend Complaint [Doc. 13] is **GRANTED IN PART**, and Walsh's Motion to Dismiss [Doc. 5] is **DENIED as moot**.

# **FACTUAL BACKGROUND**

The following facts are taken from Plaintiffs' Proposed Amended Complaint and assumed to be true for the purposes of this Order. Plaintiff Jenean Winston and Defendant Mark Walsh divorced on June 1, 2015. [Doc. 13-1, ¶ 14]. As part of the divorce settlement, Winston and Walsh agreed to joint custody of their three-year-old child, Dylan. [*Id.* at ¶¶ 13, 16]. On August 1, 2015, two days before Dylan was supposed to start school, Walsh took him to the Fish 'N Pig, a restaurant abutted by a lake and dock in Macon, Georgia. [*Id.* at ¶¶ 17–19, 32]. At the end of the evening, after having consumed $125.00 worth of alcohol with his fiancé, Walsh took Dylan down to the dock to see the boats. [*Id.* at ¶¶ 19, 33, 97, 98]. Dylan played in and around boats floating next to the dock and, at one point, ran away from Walsh. [*Id.* at ¶¶ 21, 34–36]. A few minutes later, Walsh ran down the dock and told a boat owner that he could not find Dylan. [*Id.* at ¶ 46].

A security guard at the restaurant called local law enforcement, and an investigator arrived at the scene sometime after 11:30 p.m. [*Id.* at ¶¶ 24, 30, 31]. During an interview with Walsh about the events leading up to Dylan's disappearance, a law enforcement officer noticed that Walsh smelled strongly of alcohol, was unsteady on his feet, and slurred his speech. [*Id.* at ¶¶ 39, 40]. Another officer noted that Walsh gave conflicting statements about what happened. [*Id.* at ¶ 41].

The search for Dylan continued to the next morning. [*Id.* at ¶ 24]. At approximately 10:00 a.m. on August 2, 2015, Macon-Bibb County Fire Department divers found Dylan's

2

body under the dock. [*Id.* at ¶¶ 28, 54, 55]. Dylan's face was badly bruised, and his lungs were filled with water. [*Id.* at ¶ 1]. On August 20, 2015, five days after Dylan's funeral, the District Attorney for the Macon Judicial Circuit, David Cooke, Jr., announced that he would not pursue any criminal charges in relation to Dylan's death. [*Id.* at ¶ 102].

Plaintiffs filed this lawsuit on March 4, 2019, as a renewal of a previous action Winston voluntarily dismissed in the Superior Court of Bibb County, Georgia, on September 5, 2018. [*Id.* at ¶ 6]; *see also* O.C.G.A. § 9-2-61.[1] Walsh moved to dismiss the renewal complaint, arguing that (1) Plaintiffs' claims are time-barred; (2) Herndon, as temporary administrator of Dylan's estate, lacks standing and fails to state a claim against Walsh; and (3) Plaintiffs failed to sufficiently serve him with process. *See generally* [Doc. 5-1]. In the Motion to Dismiss, Walsh contends that the statute of limitations ran in August of 2017 and bases the argument in part on Plaintiff's admission that "as the statute of limitations approached in 2017, Mr. Walsh fled for England." [Doc. 1, ¶ 2]. To counter this argument, Plaintiffs moved to amend their complaint "to add material facts that

---

[1] The pertinent portion of the statute states:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a).

3

clarify that the two-year statute of limitations for Ms. Winston's claims has yet to run." [Doc. 13, p. 2].

The Court held a telephone conference with the parties on June 10, 2019, to determine whether Walsh would consent to the amendment, withdraw his original Motion to Dismiss, and file a new motion to dismiss on the Amended Complaint if he chose to do so. On June 14, Walsh's counsel informed the Court via email that Defendant would neither consent to the amendment nor withdraw his Motion to Dismiss.

## DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), where a party requires leave of court to amend a pleading, the Court should freely grant such leave when justice so requires. However, the Court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). An amendment is futile, for example, "when the complaint as amended is . . . subject to dismissal because . . . it fails to state a claim for relief." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017) (quoting *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004)).

4

When determining whether a complaint states a claim for relief, the Court employs a two-step framework. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018). First, the Court identifies and disregards allegations that are "no more than mere conclusions," since "[c]onclusory allegations are not entitled to the assumption of truth." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Second, the Court "assume[s] any remaining factual allegations are true and determine[s] whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

A complaint survives only if the plaintiff alleges sufficient factual matter to state a claim for relief that is plausible on its face, and she must state more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* (citing *Iqbal*, 556 U.S. at 678–79). She must also "plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action," *id.*, such that the factual allegations contained in the complaint are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

B. **Valid Renewal**

This case is a procedural quagmire in that several issues have an unavoidable bearing on others and cannot be cleanly separated from each other. The first of those issues arose in Walsh's original Motion to Dismiss and concerns whether Plaintiffs' original state-court proceeding was a valid predicate to this renewal action. Plaintiffs allege in their Proposed Amended Complaint that this is a renewal of an action

5

previously filed in the Superior Court of Bibb County, Georgia. What is absent from the complaint, however, is *when* Plaintiff filed the state-court action.[2] The time of filing is essential to any determinations regarding the statute of limitations, because a renewal action is only valid if the original state-court case was filed within the applicable statute of limitations. *See* O.C.G.A. § 9-2-61(a) ("When any case has been commenced in either a state or federal court *within the applicable statute of limitations* and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court . . . .") (emphasis added). If the original action was timely filed, the renewal action relates back to the original filing date, and any statute of limitations issues are irrelevant.

However, the analysis does not end there. In addition to being timely, the original state-court action must have also been valid and not void. An original suit is void "if service was never properly perfected, 'and a void lawsuit cannot be renewed outside the period of limitation.'" *Lathan v. Hospital Auth. of Charlton Cty.*, 805 S.E.2d 450, 454 (Ga. Ct. App. 2017) (quoting *Coles v. Reese*, 730 S.E.2d 33, 34 (Ga. Ct. App. 2012)). Walsh argued in his Motion to Dismiss that he was never properly served in the original action and therefore argues that this is not a valid renewal action. The determination of whether Walsh was properly served in the state-court action requires the Court to consider

---

[2] Plaintiffs reference documents filed in the state-court case, but those documents are not attached to the proposed amended complaint. *See* [Doc. 13-1, nn.2, 4].

6

evidence outside Plaintiffs' Proposed Amended Complaint, and therefore cannot be resolved at this stage.

At this time and without the benefit of discovery, the Court cannot determine whether the initial lawsuit was valid and timely, and therefore cannot determine if this action is a proper renewal action or simply a new lawsuit altogether. However, for the reasons discussed in the next section, these issues may not matter if the statute of limitations on Plaintiffs' wrongful death and negligence claims was tolled for a sufficient amount of time. And because statute-of-limitations arguments are more suited to summary adjudication, *see La Grasta*, *infra*, the Court will refrain from ruling on the renewal questions until they can be properly considered in conjunction with the statute-of-limitations arguments.

### C. Statute of Limitations

Walsh's objections to Plaintiffs' Proposed Amended Complaint revolve almost entirely around Plaintiffs' request to add language relating to two tolling provisions. At this stage, such arguments are premature. Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Brotherhood of Locomotive Eng'rs v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)). This is because "[a] statute of limitations bar is an affirmative defense, and . . . plaintiffs are not required to negate an

affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (quoting *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993)) (cleaned up).

Plaintiffs raise two tolling provisions in their Proposed Amended Complaint, and depending on their application, the statute of limitations could be tolled to the present. First, Plaintiff relies on O.C.G.A. § 9-3-94, which states, "if a defendant removes from this state, the time of his absence from the state until he returns to reside shall not be counted or estimated in his favor." The provision

> applies only if the removal makes it impossible to perfect service on the defendant. It has generally been held that if process could be lawfully served on the defendant, thus enabling the plaintiff to proceed with his action, the period of the defendant's absence from the state is not to be excluded from the period of limitation, and the statute continues to run during the absence. Whether the statute of limitation has run, therefore, is dependent upon whether plaintiffs had available a method of perfecting lawful service on the defendant, though she has removed herself to another state and no longer resides in this state.

*Andrews v. Stark*, 592 S.E.2d 438, 440 (Ga. Ct. App. 2003) (quoting *Railey v. State Farm Mut. Auto. Ins.*, 201 S.E.2d 628, 630–31 (Ga. Ct. App. 1973)). Moreover, the provision does not apply when the defendant removes himself from the state only temporarily. *Bryant v. Sanders*, 228 S.E.2d 329 (Ga. Ct. App. 1976); *South v. Montoya*, 537 S.E.2d 367, 369 (Ga. Ct. App. 2000).

The cases interpreting this statute indicate that although a defendant leaves the state, it is not impossible for a plaintiff to perfect service if she could do so in accordance

with Georgia's long-arm statute. *See, e.g., Andrews*, 592 S.E.2d at 440–41; *Gould v. Latorre*, 488 S.E.2d 116, 118 (Ga. Ct. App. 1997); *Curlee v. Mock Enters., Inc.*, 327 S.E.2d 736, 741 (Ga. Ct. App. 1985); *Smith v. Griggs,* 296 S.E.2d 87, 89 (Ga. Ct. App. 1982). In several of these cases, however, the court has emphasized that the service was not impossible because plaintiff could have availed him or herself of the long-arm statute *and* because the defendant's location was known. *See Gould*, 488 S.E.2d at 118–19 (despite the ability to serve the defendant in the Cayman Islands under the long-arm statute, plaintiff failed to do so "even though it is undisputed that she knew of [the defendant's] general location in the Cayman Islands for several months prior to the expiration of the statute of limitation."); *Curlee*, 327 S.E.2d at 741 ("Curlee could have tried to perfect service outside Georgia by utilizing the assistance of long arm jurisdiction. Also, information contained in an affidavit . . . provided Curlee with substantial information for locating the manufacturers."). *See also Montoya*, 537 S.E.2d at 370 (dictum) ("[W]here the former resident's foreign residence is not known outside the state, the running of the statute of limitation is tolled until such residence should reasonably be discovered.").

Thus, it is likely the Court will have to consider whether Plaintiffs knew of Walsh's location outside the state of Georgia or whether such information was readily discoverable in order to answer the Section 9-3-94 tolling question. It is not clear from the face of the Proposed Amended Complaint that Plaintiffs did know, or could have reasonably discovered, Walsh's address in England. Indeed, the alleged facts establish

9

the opposite: "After reasonable diligence, as of the date of this filing, Plaintiffs have yet to learn Walsh's address where he may be served, and Walsh has not disclosed it." [Doc. 13-1, ¶ 8]. Therefore, Walsh's argument that tolling under Section 9-3-94 is futile is premature at a time when the Court may not consider admissible evidence of Plaintiffs' knowledge.

Nevertheless, the Court is able to say at this time that Plaintiffs' reliance on O.C.G.A. § 9-3-99 is futile. Section 9-3-99 is also a tolling provision, and it provides:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years . . . .

O.C.G.A. § 9-3-99. Winston maintains that she is the victim of "criminal negligence and the homicide of her child." [Doc. 13-1, ¶ 7]. Based on the facts in the Proposed Amended Complaint, it is entirely plausible that Walsh's alleged failure to supervise Dylan could have amounted to involuntary manslaughter in the commission of a lawful act[3] or

---

[3] *See* O.C.G.A. § 16-5-3(b) ("A person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. A person who commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner, upon conviction thereof, shall be punished as for a misdemeanor.").

second-degree cruelty to children.[4] The Georgia Court of Appeals has also held that Section 9-3-99 applies to a wrongful death suit filed by a next friend or guardian of a deceased minor. *See DeKalb Med. Ctr., Inc. v. Hawkins*, 655 S.E.2d 823, 828 (Ga. Ct. App. 2007).

This case presents a unique question, however, as no Georgia court has determined whether Section 9-3-99 tolls tort cases in which there has been no prosecution, and the statute of limitations for a criminal prosecution has not run. That is, can a tort case be tolled where there has been no criminal prosecution, but the possibility of criminal prosecution remains open? Courts have gotten close to answering this question. Recently, the Georgia Court of Appeals overruled previous decisions holding that a civil tort case is only tolled when the defendant in the civil action is the same person as the defendant in the criminal action. *See Harrison v. McAfee*, 788 S.E.2d 872, 876 (Ga. Ct. App. 2016) ("[T]here is no qualifying or limiting language that narrows the scope of the statute based on the identity of the civil defendant."). Although the facts in *Harrison* beg the question, the court did not answer whether there had to be a criminal defendant at all. *Id.* at 873, 879 ("As far as the parties know, the shooter . . . has yet to be arrested or prosecuted. . . . [Defendants] have not challenged Harrison's invocation of OCGA § 9-3-99 on any ground

---

[4] *See* O.C.G.A. § 16-5-70(c) ("Any person commits the offense of cruelty to children in the second degree when such person with criminal negligence causes a child under the age of 18 cruel or excessive physical or mental pain.").

11

other than reliance on our now-overturned case law [that required the criminal and civil defendants be the same person].").

Even more recently, the Georgia Court of Appeals has suggested that Section 9-3-99 could apply in cases where the possibility of prosecution remains outstanding. *See Jenkins v. Keown*, ___ S.E.2d ___, 2019 WL 2635600 (Ga. Ct. App. June 27, 2019). In *Jenkins*, the plaintiffs sued for injuries suffered when the defendant rear-ended their vehicle. *Id.* at *1. No criminal charges were brought against the defendant within the two-year statute of limitations for misdemeanors. *Id.* at *4. The court held:

> There is nothing in the record showing that Keown was ever issued a uniform traffic citation, nor have the Jenkinses adduced any evidence that Keown or anyone else was *or could be* prosecuted based on the collision. Accordingly, because the time for any prosecution has come and gone, and because there never was any pending prosecution *nor could there be in the future*, the holding in *Harrison*, which was decided under a different scenario, does not require that the tort claim in this case be tolled under OCGA § 9-3-99.

*Id.* (emphasis added). From this language, the possibility of future prosecution could have resulted in a different ruling. Although the statute of limitations has run on any possible criminal charge of involuntary manslaughter in the commission of a lawful act,[5] the statute has not yet run on a charge of second-degree cruelty to children.[6] Thus, Walsh

---

[5] *See* O.C.G.A. § 16-5-3(b) (involuntary manslaughter in the commission of a lawful act in an unlawful manner is a misdemeanor); *see also* O.C.G.A. § 17-3-1(e) (the statute of limitations for prosecution of misdemeanors is two years).

[6] *See* O.C.G.A. § 16-5-70(e)(2) (second-degree cruelty to children is a felony); *see also* O.C.G.A. § 17-3-1(c) (the statute of limitations for certain felonies committed against minors is seven years).

12

could face criminal charges until August 2, 2022, and it is possible the Georgia courts would recognize that Section 9-3-99 tolls the civil statute of limitations for this wrongful death case until then. But the court of appeals has also seemed to imply that the statute is triggered by the filing of criminal charges. *See Stopiano v. Leon's Fence & Guardrail, LLC*, 815 S.E.2d 232, 236 (Ga. Ct. App. 2018) ("By its plain language, the statute contemplates extending the time in which a victim may file a tort action where there are pending criminal charges arising out of the same facts or circumstances."). Thus, a crime victim is not entitled to sit on her hands while awaiting a criminal prosecution that may never occur.

The District Court for the Northern District of Georgia, on the other hand, has held that the statute is implicated in cases where there is merely an investigation that does not lead to criminal charges. *See Benjamin v. Thomas*, No. 1:16-cv-1632-WSD, 2016 WL 5394118, at *5–6 (N.D. Ga. Sept. 27, 2016). The court based its decision on language in *Harrison*: "records related to a pending investigation or prosecution may be relevant to the victim's civil claim against someone other than the perpetrator of the crime. But those records may be unavailable to a crime victim until that investigation or prosecution is complete." *Id.* at *6 (quoting *Harrison*, 788 S.E.2d at 877 n.6). In doing so, the court found that the statute of limitations for the civil action was extended for the two-year investigatory period leading up to the presentation of evidence to a grand jury. *Id.* at *1, 6.

The Court agrees with the Northern District of Georgia's analysis of the statute and can determine the applicability of the statute from the facts on the face of the Proposed Amended Complaint. By its plain language, tolling under Section 9-3-99 ends when any prosecution based on the facts underlying the civil action "become[s] final or otherwise terminated." O.C.G.A. § 9-3-99. Obviously, in cases where charges are dismissed, the defendant has entered a guilty plea, or the defendant's trial has been completed, the prosecution is final. A case is also terminated when it is disposed of via nolle prosequi. *See Glock, Inc. v. Harper*, 796 S.E.2d 304, 306 (Ga. Ct. App. 2017) (recognizing that a criminal prosecution was terminated when the State filed a nolle prosequi); *State v. McManus*, 481 S.E.2d 243, 244 (Ga. Ct. App. 1997) ("Nolle prosequi is the State's formal action on its decision not to further prosecute that accusation. . . . At that time the prosecution was at an end.").

Under the unique facts of this case, any criminal prosecution definitively ended when the District Attorney for the Macon Judicial Circuit—the individual with the constitutional authority and discretion to determine whom, when, and how to prosecute[7]—publicly announced on August 20, 2015, that he would not pursue charges against anyone in connection to Dylan's death. *See* [Doc. 13-1, ¶ 102]. Accordingly, under the plain and unambiguous language of the statute, Section 9-3-99 tolled the two-year

---

[7] *State v. Perry*, 583 S.E.2d 909, 910 (Ga. Ct. App. 2003) (quoting *State v. Wooten*, 543 S.E.2d 721, 723 (Ga. 2001)) ("In the district attorney's role as an administrator of justice, he or she has broad discretion in making decisions prior to trial about whom to prosecute, what charges to bring, and which sentence to seek.").

statute of limitations on Plaintiffs' claims for 19 days—the amount of time between the date of the alleged crime (August 1, 2015) and the date the prosecution, which necessarily includes any investigation, of the matter terminated (August 20, 2015).

Although Plaintiffs are correct that the statute applies, it does not apply to such an extent that their compliance with the Georgia renewal statute is no longer an issue. Dylan died on August 1, 2015, and the statute of limitations for their negligence and wrongful death claims, including the 19-day tolling period, ended on August 20, 2017. Plaintiffs filed the instant lawsuit on March 4, 2019. If the renewal statute does not apply, this lawsuit is clearly time-barred, and any reliance on Section 9-3-99 is futile. If the renewal statute does apply, the tolling of any statute of limitations becomes a non-issue. Thus, Plaintiffs' reliance on Section 9-3-99 is futile, and the Court will not allow them to amend their Complaint to allege facts relating to the statute.

### D. <u>Insufficient Service of Process</u>

The Court is also concerned about Walsh's argument from his original Motion to Dismiss that he has not been properly served with process in this case. After Walsh filed his Motion to Dismiss, but before Plaintiffs moved to amend their complaint, Plaintiffs filed proof of service with the Court. *See* [Doc. 9]. However, in his Motion, Walsh contends that "the address where he was allegedly served in the original action and where Plaintiffs now attempt to serve him is not an address where he resides or otherwise lives." [Doc. 5-1, p. 17].

When assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, "the defendant first bears the burden of producing affidavits that, in non-conclusory fashion, demonstrate the absence of jurisdiction." *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). The burden then shifts to the plaintiff to present "enough evidence to withstand a motion for directed verdict." *Id.* (quoting *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002)). Once the plaintiff meets her burden, "the [C]ourt must construe all reasonable inferences in favor of the plaintiff," and in the absence of an evidentiary hearing, the plaintiff prevails when she presents sufficient evidence. *Id.* (quoting *Meier*, 288 F.3d at 1269). At this point, the Court does not have enough evidence to conclusively decide the issue of proper service. Therefore, the Court will allow the parties an appropriate amount of time to conduct limited discovery into this issue and present briefs to the Court should they so desire.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Amend Complaint [Doc. 13] is **GRANTED IN PART**. Plaintiffs may file an amended complaint, but they cannot include facts alleged in reference to O.C.G.A. § 9-3-99, which is futile. In light of the new allegations in the amended complaint, Walsh's Motion to Dismiss [Doc. 5] is **DENIED as moot**. Because the sufficiency of service, validity of renewal, and statute of limitations issues relating to O.C.G.A. § 9-3-94 are paramount to the resolution of this case but

16

require some evidentiary basis, the stay of discovery previously imposed, [Doc. 15], is **LIFTED** for 90 days solely for the purpose of uncovering facts related to these issues. At the end of the limited discovery period, the Court will entertain motions for summary judgment on any or all of those grounds.

    **SO ORDERED**, this 12th day of July, 2019.

s/Tilman E. Self, III
**TILMAN E. SELF, III, Judge**
**UNITED STATES DISTRICT COURT**
